**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. |
| v. | Filed: |
| G4S SECURE SOLUTIONS NV, | Violation: 15 U.S.C. § 1 Conspiracy in Restraint of Trade |
| Defendant. | |

**PLEA AGREEMENT**

The United States of America and G4S Secure Solutions NV ("defendant"), a corporation organized and existing under the laws of Belgium, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

**RIGHTS OF DEFENDANT**

1.      The defendant understands its rights:

(a)      to be represented by an attorney;

(b)      to be charged by Indictment;

(c)      to plead not guilty to any criminal charge brought against it;

(d)      to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(e)      to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(f)      to appeal its conviction if it is found guilty; and

(g)      to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.       The defendant knowingly and voluntarily waives:

(a)       the rights set out in subparagraphs 1(b)-(e) above:

(b)       any right it might have as a corporation organized and existing under the laws of Belgium to decline to accept service of the Summons in this case;

(c)       any right it might have as a corporation organized and existing under the laws of Belgium to contest that the United States District Court for the District of Columbia has jurisdiction over it for purposes of this case;

(d)       the right to file any appeal or collateral attack that challenges its conviction, including but not limited to any appeal or collateral attack raising any argument that (1) the statute to which it is pleading guilty is unconstitutional or (2) the admitted conduct does not fall within the scope of such statute; and

(e)       the right to file any appeal or any collateral attack, including but not limited to an appeal under 18 U.S.C. §3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 9 of this Plea Agreement, regardless of how the sentence is determined by the Court. For purposes of the waiver of appeal or collateral attack of the sentence, the sentence imposed is deemed consistent with or below the recommended sentence in Paragraph 9 even if the sentence imposed includes a term of probation if it is otherwise consistent with or below the recommended sentence in Paragraph 9, unless the term of probation exceeds the length authorized by 18 U.S.C. §3561(c). This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. §3742(b)-(c).

Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies

it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count Information to be filed in the United States District Court for the District of Columbia. The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition by allocating customers, rigging bids, and fixing prices for certain contracts for the provision of security services in Belgium, including with the United States, through the Department of Defense, and with the North Atlantic Treaty Organization (NATO) Communications and Information Agency (the "NCI Agency"), which is funded in part by the United States, in violation of the Sherman Antitrust Act, 15 U.S.C. §1.

3.      The defendant will plead guilty to the criminal charge described in Paragraph 2 above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

**FACTUAL BASIS FOR OFFENSE CHARGED**

4.      Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)      For purposes of this Plea Agreement, the "Relevant Period" is that period from at least as early as Spring 2019 and continuing until at least Summer 2020. Within the Relevant Period, the defendant was a corporation organized and existing under the laws of Belgium. The defendant had its principal place of business in Brussels, Belgium. Within the Relevant Period, the defendant was engaged in the business of providing security services to customers and employed 1,000 or more individuals. Security services include

individual guards protecting physical buildings, mobile monitoring of certain locations, and electronic surveillance of defined areas.

(b)     Within the Relevant Period, the defendant, through its officers and employees, including high-level personnel of the defendant, participated in a conspiracy among major Belgian security services providers, the primary purpose of which was to suppress and eliminate competition by allocating customers, rigging bids, and fixing prices for certain contracts for the provision of security services in Belgium, including with the United States, through the Department of Defense, and with the NCI Agency, which is funded in part by the United States. In furtherance of the conspiracy, the defendant, through its officers and employees, engaged in discussions and attended meetings with representatives of other major security services providers. During these discussions and meetings, agreements were reached to allocate customers, rig bids, and fix prices for certain contracts for the provision of security services in Belgium, including with the United States. Within the Relevant Period, the largest U.S. contract affected by the defendant's and its co-conspirators' complementary bid-rigging conduct was valued at $77.36 million.[1]

(c)     Within the Relevant Period, security services were provided by one or more of the conspirator firms to the United States Department of Defense, and proposals, contracts, invoices for payment, payments, and other documents and items essential to the provision of security services were transmitted in foreign trade and commerce between the defendant and its co-conspirators located in Belgium and their customers located in the United States and elsewhere.

---

[1] The winning bid for this contract was €69,949,587. The value was converted to U.S. dollars using the exchange rate in place on the day that the bids for the contract were submitted.

## ELEMENTS OF THE OFFENSE

5.      The elements of the charged offense are that:

(a)      the conspiracy described in the Information existed at or about the time alleged;

(b)      the defendant knowingly became a member of the conspiracy; and

(c)      the conspiracy described in the Information either substantially affected interstate and foreign trade and commerce in goods or services or occurred within the flow of interstate and foreign commerce in goods and services.

## POSSIBLE MAXIMUM SENTENCE

6.      The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a)      $100 million (15 U.S.C. §1);

(b)      twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. §3571(c) and (d)); or

(c)      twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. §3571(c) and (d)).

7.      In addition, the defendant understands that:

(a)      pursuant to §8D1.2(a)(1) of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. §3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)      pursuant to U.S.S.G. §8B1.1 or 18 U.S.C. §3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c)     pursuant to 18 U.S.C. §3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8.     The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2018 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. §3553(a) in determining and imposing sentence. The defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. §3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

9.     Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 13 of this Plea Agreement, the United States and the defendant agree that the appropriate disposition of this case is, and agree to

recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of $15 million payable in full before the fifteenth (15th) day after the date of judgment and no order of restitution (the "Recommended Sentence"). The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek at the sentencing hearing any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the Recommended Sentence set forth in this Plea Agreement is reasonable.

**Guidelines Analysis**

(a) Pursuant to U.S.S.G. §8C2.5, the defendant's culpability score is 7. This number is calculated by starting with 5 points pursuant to U.S.S.G. §8C2.5(a); adding 4 points because the organization has 1,000 or more employees and individuals within high-level personnel of the organization participated in, condoned, or were willfully ignorant of the offenses, pursuant to U.S.S.G. §8C2.5(b)(2)(A); and subtracting 2 points because the defendant fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct, pursuant to U.S.S.G. §8C2.5(g)(2). Accordingly, the minimum multiplier to be applied to the base fine is 1.4 and the maximum multiplier is 2.8, pursuant to U.S.S.G. §8C2.6.

(b) The base fine is 20% of the volume of commerce, pursuant to U.S.S.G. §2R1.1(d)(1) and §8C2.4(a) and (b). Pursuant to U.S.S.G. §2R1.1(d)(3), the affected volume of commerce is $77,364,244, and the base fine is $15,472,848 (20% of

$77,364,244).   Applying the multipliers of 1.4 and 2.8 to this amount, the fine range for the relevant security services contract is $21,661,988 to $43,323,974.

(c)      The parties agree that the appropriate fine for the defendant's participation in this conspiracy should be $15 million, which reflects an approximately 30% downward departure from what would be the bottom of the applicable Guidelines range, based on the defendant's timely and substantial assistance in the government's investigation and prosecution of violations of federal criminal law in the security services industry.

(d)      The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. §3013(a)(2)(B), in addition to any fine imposed.

(e)      In consultation with U.S. victims and in light of the availability of civil causes of action, which potentially provide for a recovery of a multiple of actual damages, the Recommended Sentence does not include a restitution order for the offense charged in the Information.

(f)      Both parties will recommend that no term of probation be imposed, but the defendant understands that the Court's denial of this request will not void this Plea Agreement.

(g)      The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 11, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and defendant agree to request jointly that the Court accept the defendant's guilty plea and

impose sentence on an expedited schedule as early as the date of arraignment, based upon

the record provided by the defendant and the United States, under the provisions of Fed.

R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. §6A1.1. The Court's denial of the request to

impose sentence on an expedited schedule will not void this Plea Agreement.

10.     The United States and the defendant agree that the applicable Guidelines fine range

exceeds the fine contained in the Recommended Sentence set out in Paragraph 9 above. Subject

to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 13 of this

Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a

motion, pursuant to U.S.S.G. §8C4.1, for a downward departure from the Guidelines fine range in

this case and will request that the Court impose the fine contained in the Recommended Sentence

set out in Paragraph 9 of this Plea Agreement because of the defendant's substantial assistance in

the government's investigation and prosecutions of violations of federal criminal law in the

security services industry.

11.     Subject to the full, truthful, and continuing cooperation of the defendant, as defined

in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the United States will

fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's

cooperation and its commitment to prospective cooperation with the United States' investigation

and prosecutions, all material facts relating to the defendant's involvement in the charged offense,

and all other relevant conduct.

12.     The United States and the defendant understand that the Court retains complete

discretion to accept or reject the Recommended Sentence provided for in Paragraph 9 of this Plea

Agreement.

(a)     If the Court does not accept the Recommended Sentence, the United States

and the defendant agree that this Plea Agreement, except for subparagraph 12(b) below, will be rendered void.

(b)     If the Court does not accept the Recommended Sentence, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)(2)(A)). If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government will not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of this Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 15 of this Plea Agreement will be tolled for the period between the date of signature of this Plea Agreement and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of signature of this Plea Agreement, whichever period is greater.

**DEFENDANT'S COOPERATION**

13.     The defendant began cooperating with the United States in April 2020 and will continue to cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the sale of security services in Belgium, any federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of

perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. The full, truthful, and continuing cooperation of the defendant will include but not be limited to:

(a)     producing to the United States all documents, information, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, and with translations into English, in the possession, custody, or control of the defendant, that are requested by the United States in connection with any Federal Proceeding; and

(b)     using its best efforts to secure the full, truthful, and continuing cooperation of the current and former directors, officers, and employees of the defendant, as may be requested by the United States, but excluding the individuals listed in Paragraph 1 of Attachment A filed under seal. Such efforts will include, but not be limited to, making these persons available in the United States and at other mutually agreed-upon locations at the defendant's expense for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding. Current directors, officers, and employees are defined for purposes of this Plea Agreement as individuals who are directors, officers, or employees of the defendant as of the date of signature of this Plea Agreement.

14.     The full, truthful, and continuing cooperation of the current directors, officers, and employees of the defendant will be subject to the procedures and protections of this paragraph, and will include, but not be limited to:

(a)     producing in the United States and at other mutually agreed-upon locations all documents, including claimed personal documents, and other materials, wherever

located, not protected under the attorney-client privilege or the work-product doctrine, and with translations into English, that are requested by attorneys and agents of the United States in connection with any Federal Proceeding;

(b)     making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

(c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), or conspiracy to commit such offenses;

(d)     otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph and not protected under the attorney-client privilege or work-product doctrine that he or she may have that is related to any Federal Proceeding;

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, participating in affirmative investigative techniques, including but not limited to making telephone calls, recording conversations, and introducing law enforcement officials to other individuals, with all such activity being conducted only at the express direction and under the supervision of attorneys and agents of the United States;

(f)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § § 1503 *et seq.*), and contempt (18 U.S.C. § § 401-402);

(g)     not committing, participating in, or attempting to commit or participate in any additional antitrust crime in violation of Title 15, United States Code, or any acts of perjury or subornation of perjury (18 U.S.C. § § 1621-22), making a false statement or declaration (18 U.S.C. § § 1001, 1623), obstruction of justice (18 U.S.C. § § 1503 *et seq.*), contempt (18 U.S.C. § § 401-402), or conspiracy to commit such offenses; and

(h)     agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under subparagraph 16(c), the statute of limitations period for any Relevant Offense, as defined in subparagraph 16(a), will be tolled as to him or her for the period between the date of signature of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under this Plea Agreement.

This Paragraph 14 does not apply to the individuals listed in Paragraph 1 of Attachment A filed under seal, regardless of their employment status, or to any former director, officer, or employee of the defendant.

## GOVERNMENT'S AGREEMENT

15.     Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 13 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called

for by this Plea Agreement and the imposition of the Recommended Sentence, the United States agrees that it will not bring further criminal charges against the defendant for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the sale of security services in Belgium. The nonprosecution terms of this paragraph do not apply to (a) any acts of subornation of perjury (18 U.S.C. §1622), making a false statement (18 U.S.C. §1001), obstruction of justice (18 U.S.C. §§1503 *et seq.*), contempt (18 U.S.C. §§401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

16. The United States agrees to the following:

(a) Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the Recommended Sentence and subject to the exceptions noted in subparagraph 16(c), the United States agrees that it will not bring criminal charges against any current director, officer, or employee of the defendant for any act or offense committed before the date of signature of this Plea Agreement and while that person was acting as a director, officer, or employee of the defendant that was undertaken in furtherance of an antitrust conspiracy involving the sale of security services ("Relevant Offense"), except that the protections granted in this paragraph do not apply to the individuals listed in Paragraph 1 of Attachment A filed under seal;

(b) Should the United States determine that any current director, officer, or employee of the defendant may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned

counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c)     If any person requested to provide cooperation under subparagraph 16(b) fails to comply fully with his or her obligations under Paragraph 14, then the terms of this Plea Agreement as they pertain to that person and the agreement not to prosecute that person granted in this Plea Agreement will be rendered void, and the United States may prosecute such person criminally for any federal crime of which the United States has knowledge, including, but not limited to any Relevant Offense;

(d)     Except as provided in subparagraph 16(e), information provided by a person described in subparagraph 16(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury or subornation of perjury (18 U.S.C. §§1621-22), making a false statement or declaration (18 U.S.C. §§1001, 1623), obstruction of justice (18 U.S.C. §§1503 *et seq.*), contempt (18 U.S.C. §§401-402), or conspiracy to commit such offenses;

(e)     If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of this Plea Agreement, the agreement in subparagraph 16(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case will be rendered void;

(f)     The nonprosecution terms of this paragraph do not apply to civil matters of any kind; any violation of the federal tax or securities laws or conspiracy to commit such

offenses; any crime of violence; or perjury or subornation of perjury (18 U.S.C. §§1621-22), making a false statement or declaration (18 U.S.C. §§1001, 1623), obstruction of justice (18 U.S.C. §§1503 *et seq.*), contempt (18 U.S.C. §§401-402), or conspiracy to commit such offenses; and

       (g)     Documents provided under subparagraphs 13(a) and 14(a) will be deemed responsive to outstanding grand jury subpoenas issued to the defendant.

     17.    The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States. This paragraph does not apply to an individual's commission of perjury or subornation of perjury (18 U.S.C. §§1621-22), making a false statement or declaration (18 U.S.C. §§1001, 1623), obstruction of justice (18 U.S.C. §§1503 *et seq.*), contempt (18 U.S.C. §§401-402), or conspiracy to commit such offenses.

     18.    The defendant understands that it may be subject to suspension or debarment action by state or federal agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls what action, if any, other agencies may take. However, the Antitrust Division agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such action of the fact, manner, and extent of the cooperation of the defendant as a matter for that agency to consider before determining what action, if any, to take. The defendant nevertheless affirms that it wants to plead guilty regardless of any suspension or debarment consequences of its plea.

## REPRESENTATION BY COUNSEL

19.     The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

20.     The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement and Attachment A. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

21.     The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 13 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant will be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any offense referred to

17

in Paragraph 15 of this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

22.     The defendant understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea Agreement because of the defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by it or its current directors or former, officers, or employees to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## PUBLIC STATEMENTS BY THE DEFENDANT

23.     The defendant expressly agrees that it will not, through current or future attorneys, directors, officers, employees, agents, or any other person authorized by the defendant to speak on its behalf, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the defendant set forth above or the facts described in the Information or Factual Basis section of this Plea Agreement. Any such contradictory statement will, subject to cure rights of the defendant described below, constitute a violation of this Plea Agreement, and the defendant thereafter will be subject to prosecution as set forth in Paragraphs 21-22 of this Plea Agreement. The decision whether any public statement by any such person contradicting a fact contained in the Information or Factual Basis section of this Plea Agreement was made on behalf of the defendant for the purpose of determining whether it has violated this Plea Agreement will be at the sole discretion of the United States. If the United States determines that a public statement

by any such person contradicts in whole or in part a statement contained in the Information or Factual Basis section of this Plea Agreement, the United States shall so notify the defendant, and the defendant may avoid a violation of this Plea Agreement by publicly repudiating such statement(s) within five (5) business days after notification.   The defendant will be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Information and the Factual Basis section of this Plea Agreement provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Information or Factual Basis section of this Plea Agreement.  This paragraph does not apply to any statement made by any current or future director, officer, employee, or agent of the defendant in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of the defendant.  This paragraph does not affect the obligation of any person, who is providing cooperation pursuant to Paragraph 14 of this Plea Agreement, to respond fully and truthfully to all inquiries of the United States without falsely implicating any person or intentionally withholding information and to testify fully and truthfully as required by Paragraph 14 of this Plea Agreement.

## ENTIRETY OF AGREEMENT

24.     This Plea Agreement and Attachment A constitute the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

25.     The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

26.    The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

27.    A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: _JUNE 24, 2021_ /
June 25, 2021

Respectfully submitted,

BY: _____
Michael J. Hogsten
Authorized Representative of
G4S SECURE SOLUTIONS NV

BY: _____
Bryan Serino
Dina Hoffer
Kathryn Kushner

Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
26 Federal Plaza, Suite 3630
New York, NY 10278
Tel.: (212) 335-8000

BY: _____
Thomas Mueller
Renita Khanduja
WILMER CUTLER PICKERING
     HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

Counsel for G4S Secure Solutions NV